## 48937. THOMAS v. THE STATE.

EBERHARDT, Presiding Judge. Defendant was convicted of theft by receiving stolen property and appeals to this court, complaining that the evidence did not authorize a charge on conspiracy and that it was insufficient to sustain the conviction. *Held:*

We affirm. "A person commits theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." Criminal Code § 26-1806. The testimony here shows that two homes were burglarized and that the stolen property, consisting of a T. V. set, clarinet, police scanner, etc., was first taken to the home of one Harry Allen and then to the home of one Jimmy Allen, where it was later recovered. At each place the defendant was present with both the stolen goods and the admitted burglars. Harry Allen did not want to purchase the goods and demanded that the defendant and the others remove them from his premises. The goods were then sold to Jimmy Allen, the defendant's cousin, who did not know the other men, when defendant took the burglars there for the purpose of selling the goods. This evidence authorized the court's charge on conspiracy, and from the nature of the goods disposed of and the evidence as a whole, the jury was authorized to conclude that defendant knew or should have known the goods were stolen.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

SUBMITTED JANUARY 11, 1974 — DECIDED JANUARY 23, 1974.

*Smith & Smith, Alfred L. Allgood,* for appellant.

*Jeff C. Wayne, District Attorney, Rowland H. Stroberg,* for appellee.